UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 18 2018

Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, et al.,

Petitioners,

—v—

Midland Electrical Contracting Corp.,

Respondent.

18-CV-702 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

On January 26, 2018, Petitioners filed a petition to confirm an arbitration award, including supporting papers and a memorandum of law in support of confirmation. Dkt. Nos. 1, 5. On January 30, 2018, the Court issued an order requiring Petitioners to docket a certificate of service proving that Petitioners properly served Respondent, requiring Respondent to serve any opposition to the petition by February 16, 2018, and requiring Petitioners to serve a copy of the order on Respondent. *See* Dkt. No. 8.

On January 31, 2018, Petitioners filed an affidavit of service confirming that the Court's January 30, 2018 order was served upon Respondent, Dkt. No. 9, and on February 5, 2018, Petitioners filed proof of service of the summons, Dkt. No. 10.

When Respondent did not file any opposition to the petition, the Court issued an order on February 23, 2018, requiring Respondent to appear and file any opposition no later than March 9, 2018. Dkt. No. 11. The order stated that if Respondent failed to file any opposition by March 9, 2018, the Court would deem the petition to be fully briefed. Dkt. No. 11. That order was served

1

on Respondent on February 26, 2018. Dkt. No. 12. Nonetheless, Respondent has failed to oppose or otherwise respond to the petition and has not appeared in this action. Accordingly, the Court deems the petition fully submitted and unopposed, and the Court will now consider the motion to confirm the arbitration award. For the following reasons, the motion is GRANTED.

## I. Standard of Review

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The court "'must grant' the award 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9). "[A]n extremely deferential standard of review" is appropriate in the context of arbitral awards "[t]o encourage and support the use of arbitration by consenting parties." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Indeed, "[o]nly a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). "Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority." *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 75 (2d Cir. 1997).

When a petition to confirm an arbitration award is unopposed, "'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008)

2

(quoting *D.H. Blair*, 462 F.3d at 110). The Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II. The Arbitration Award

Petitioners have presented undisputed evidence demonstrating that arbitration was appropriate in this case. Respondent executed an Affidavit of Project Labor Agreement to replace light fixtures at a New York City school, and it agreed to be bound by the Project Labor Agreement Covering Specified Construction Work on behalf of the New York City School Construction Authority. Pet. ¶ 9; *see* Dkt. No. 1, Exs. A & B. As part of that Agreement, Respondent also agreed to be bound by the terms of the applicable collective bargaining agreement. Pet. ¶ 10. Respondent was thus bound to a collective bargaining agreement with New York City District Council of Carpenters. *See* Dkt. No. 1, Ex. D.

The collective bargaining agreement required Respondent to make its books and records available for examination by certain auditors. However, Respondent failed to permit an audit as required covering September 4, 2013 through July 12, 2017. Pet. ¶ 15.

The collective bargaining agreement provides that in the event that a "dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund or principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator." Pet. ¶ 17; Dkt. No. 1, Ex. D, Art. XVI § 7. Accordingly, Petitioners initiated arbitration and provided notice of the hearing to Respondent. Pet. ¶ 19; *see* Dkt. No. 1, Ex. G.

The arbitrator held a hearing on July 14, 2017, which Respondent did not attend. *See* Dkt. No. 1, Ex. H at 1-2. The arbitrator rendered an award on July 16, 2017. Pet. ¶ 20; *see* Dkt. No. 1, Ex. H. The arbitrator found that Respondent violated the collective bargaining agreement when it failed to permit an audit covering September 9, 2013 through July 12, 2017 and ordered Respondent to pay $173,022.30. Pet. ¶ 21; *see* Dkt. No. 1, Ex. H at 2-3. The arbitrator also established that an interest of 5.75% would accrue on the award from the date of its issuance. Pet. ¶ 22; Dkt No. 1, Ex. H at 3. Respondent has failed to pay the award. Pet. ¶ 23.

Having reviewed Petitioners' submissions with requisite deference to the arbitrator, the Court finds more than the required "barely colorable justification" for the arbitrator's award. *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797)). The grounds for the arbitrator's decision can be inferred from the record, and are justifiable in light of what has been submitted. Accordingly, the award is confirmed in its entirety.

Additionally, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, Petitioners are also awarded post-judgment interest in accordance with statutory provisions.

### III.  Attorney's Fees and Costs

Petitioners also seek an award of $417.50 in attorneys' fees and $75 in costs. *See* Pet. ¶¶ 25-33.

"[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M.S. Meat Corp.*, No. 07-CV-3870(RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases); *see also First Nat'l Supermarkets, Inc. v. Retail,*

4

*Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997). Moreover, the collective bargaining agreement provides that Petitioners are entitled to reasonable attorney's fees and costs. *See* Dkt. No. 1, Ex. D, Art. XVI § 6(a). The Court will therefore award Petitioners' reasonable attorney's fees and costs.

While the Court has discretion to determine a reasonable fee, it must abide by procedural requirements for establishing the amount. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar amount—the product of multiplying a reasonable hourly rate and a reasonable number of hours required by the case—"creates a presumptively reasonable fee." *Id.* (internal quotation marks omitted). To support their requested award, Petitioners' attorneys must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, No. 14-CV-2508(ER), 2015 WL 1600077, at *5 (S.D.N.Y. Apr. 9, 2015) (internal quotation marks omitted).

Petitioners were represented by two attorneys from the law firm of Virginia & Ambinder, LLP. Associate Claire Vinyard billed her time at a rate of $225 per hour. Pet. ¶ 28; Dkt. No. 1, Ex. I. Todd Dickerson, "Of Counsel" at Virginia & Ambinder, billed his time at a rate of $300 per hour. Pet. ¶ 29; Dkt. No. 1, Ex. I. These rates have generally been found to be reasonable within the district. *See, e.g., Innovative Furniture*, 2015 WL 1600077, at *5; *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, No. 14-CV-1794(PAE), 2014 WL 4369087, at *5 (S.D.N.Y. Sept. 3, 2014). This Court has also previously approved similar rates. *See, e.g., Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Pisgah Builders, Inc.*, No. 16-CV-2259(AJN), 2016 WL 4435245, at *2 (S.D.N.Y. Aug. 19, 2016); *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v.*

*Harbor Island Contracting Inc.*, No. 14-CV-9507(AJN), 2015 WL 5146093, at *2 (S.D.N.Y. Aug. 31, 2015). Petitioners' attorneys billed a total of 1.9 hours on this case, amounting to $417.50 in attorney's fees, and expended $75 in service fees. Pet. ¶¶ 32-33; Dkt. No. 1, Ex. I. This is a lower amount of time than previously approved amounts in similar cases. *See, e.g.*, *Harbor Island*, 2015 WL 5146093, at *3. The fees and costs requests are reasonable and adequately supported, and Petitioners' application is granted.

## IV. Conclusion

Petitioners' motion to confirm the arbitration award of $173,022.30 plus interest from the date of the award through the date of judgment with interest to accrue at the annual rate of 5.75% is GRANTED. Post-judgment interest will accrue at the statutory rate. The Court also awards judgment in favor of the Petitioners in the amount of $417.50 in attorneys' fees and $75 in costs arising out of the proceeding. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: April 18, 2018
New York, New York

ALISON J. NATHAN
United States District Judge